## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KERWIN L. DAVIS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Civil Action No.: CV-05-479 |
| | * |
| BLAKE TURMAN, | * |
| | * |
| Defendant. | * |

## ANSWER

Come now defendants Alabama State Trooper David Blake Turman and the Alabama State Troopers Department, and for their answer to plaintiff's Complaint say as follows:

## GENERAL DENIAL

This plaintiff, Kerwin L. Davis, has filed this handwritten pro se lawsuit setting out what he claims are certain tortuous acts and/or omissions committed by Alabama State Trooper David Blake Turman on or about July 2, 2003 in Covington County, Alabama. Defendants are unable to make an accurate determination as to exactly what causes of action this plaintiff asserts against which defendant and/or in what capacities these named defendants are sued. Therefore, these defendants first and foremost, reserve the right to request a more definite statement at some point in time by this plaintiff such that would allow these defendants to adequately prepare a defense of said allegations. For their answer at this time, these defendants plead the general denial, and thus deny each and every material allegation set out in plaintiff's Complaint and demand strict proof thereof. If not specifically admitted, it is specifically denied.

**PLAINTIFF'S COMPLAINT ¶ 1**

Plaintiff's paragraph 1 is confusing at best, but taken in its light most favorable to the plaintiff, defendant David Blake Turman admits that on the night of the incident made the basis of this lawsuit, he was employed with the State of Alabama Department of Public Safety as an Alabama State Trooper working in his official capacity at that time as a sworn law enforcement officer of the State of Alabama. All other allegations, whether implied or set out specifically in plaintiff's Complaint paragraph 1, are specifically denied.

**PLAINTIFF'S COMPLAINT ¶ 2**

Plaintiff mentions specifically an incident occurring on July 2, 2003 in the City of Andalusia, on Highway 55, in Covington County, Alabama wherein he sets out allegations alleging "excessive force, torture, cruel and unusual punishment, violating plaintiff's 4th Amendment right to be free from the use of excessive force, ...". Defendants specifically deny each and every material allegation as to any violations of plaintiff's constitutional rights under the 4th Amendment of the <u>Constitution of the United States of America</u> or the <u>Constitution of the State of Alabama</u>, or any applicable statutes thereof.

To the extent that plaintiff attempts to set out other causes of action referring to certain articles of the United Nations and some unknown document referred to by plaintiff as "Article 5 of the Universal Declaration of Human Rights, Code of Conduct for Law Enforcement Officials...", these defendants specifically deny each and every allegation that could possibly be construed as any breach of a duty, act or omission by these defendants.

Plaintiff also sets out specifically saying in his Complaint paragraph 2 that these defendants violated "42 U.S. Code, Section 1983 the Federal Civil Statute,...". To the extent that plaintiff attempts to set out causes of action under 42 U.S.C. 1983, these defendants specifically deny each and every material allegation and demand strict proof thereof.

### PLAINTIFF'S COMPLAINT ¶ 3

These defendants specifically deny each and every allegation that plaintiff attempts to aver in his Complaint paragraph 3 wherein he specifically alleges that the conduct by the defendant Alabama State Trooper Blake Turman was "negligent and wanton".

These defendants assert specifically, contrary to plaintiff's averments in his Complaint paragraph 3, that they are entitled to both qualified and statutory immunity and the same is hereby asserted herein.

### PLAINTIFF'S COMPLAINT ¶ 4

Again, these defendants deny each and every material allegation that plaintiff asserts his rights have been violated under 42 U.S.C. 1983 and 42 U.S.C. 1985.

### PLAINTIFF'S COMPLAINT ¶ 5

These defendants specifically contest any damages averred by this plaintiff, and assert further that any damages that plaintiff may have suffered as a result of the incident made the basis of this lawsuit, were brought about by and/or aggravated by the plaintiff himself, and thus, his own actions contributed to any and all injuries he may have received on the date made the basis of this lawsuit.

### PLAINTIFF'S COMPLAINT ¶ 6

These defendants deny that this plaintiff is entitled to any attorneys fees.

### PLAINTIFF'S COMPLAINT ¶ 7

Punitive damages are not recoverable by this plaintiff against these defendants.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

These defendants assert again that they are not guilty of any of the material averments set out in plaintiff's Complaint and demand strict proof thereof.

#### Second Affirmative Defense

These defendants are entitled to absolute immunity as to each and every claim set out in plaintiff's pro se, handwritten Complaint.

#### Third Affirmative Defense

These defendants are entitled to common law qualified immunity.

#### Fourth Affirmative Defense

These defendants are entitled to common law discretionary function immunity.

#### Fifth Affirmative Defense

These defendants are entitled to statutory law enforcement immunity under Code of Alabama 1975, as amended, §6-5-338 et seq.

#### Sixth Affirmative Defense

All of plaintiff's claims are barred by the statute of limitations.

#### Seventh Affirmative Defense

Plaintiff has failed to state any discernable actual cause of action to which he is entitled to recover anything against these defendants, as a matter of law.

**Eighth Affirmative Defense**

Punitive damages are not recoverable against these defendants.

**Ninth Affirmative Defense**

All claims set out by this plaintiff, against these defendants, are in essence, seeking damages from the State of Alabama and/or its agency, the State of Alabama Department of Public Safety, and therefore, these defendants are entitled to absolute immunity from any and all claims therein.

**Tenth Affirmative Defense**

The State of Alabama Department of Public Safety and its employees, directors and supervisors, as a matter of law, cannot be held liable under the doctrines of vicarious liability and/or respondeat superior.

**Eleventh Affirmative Defense**

Defendants, as sworn law enforcement officers, are by law executive officers of the State of Alabama. Therefore, the plaintiff's claims against these defendants in their official capacity under 1983 of 42 U.S.C. are barred by the 11th Amendment to the United States Constitution.

**Twelfth Affirmative Defense**

As previously set out by these defendants, this plaintiff has himself committed acts of negligence on his own part which proximately contributed to and caused any injuries and damages that he avers that he may have sustained.

**RESERVATION OF DEFENSES**

These defendants are unable to determine with any specificity from plaintiff's confusing and handwritten, pro se "Complaint", each and every cause of action and/or act

5

of comission or omission which plaintiff claims to set out against them and thus, these defendants reserve any and all defenses that they may have if the plaintiff is required to provide a more definite statement in the future.

> Respectfully submitted,
>
> /s Neal P. Conner_____
> ASB-2024-N56N
> nconner@dps.state.al.us
> Attorney for Defendant
> Department of Public Safety
> Legal Unit
> P.O. Box 1511
> Montgomery, Alabama 36102-1511
> (334) 242-4392
> (334) 242-0894 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Kerwin L. Davis
Avon Park Correctional Institute
P. O. Box 1100
Avon Park, Florida 33826-1100

> s/ Neal P. Conner_____